RICHARD SMITH, LESSEE OF JOHN LANNING, PLAINTIFF V. JOHN
VAUGHAN ET AL.

A question whether a plaintiff in ejectment shall be permitted to enlarge the term in
the demise, in an action of ejectment, is one within the discretion of the court to
which a motion for the purpose is submitted; and cannot be certified to the su-
preme court, if the judges of the circuit court are decided in opinion on the mo-
tion, under the provisions of the act of congress of the 29th of April 1802.

ON a certificate of division, from the circuit court of the United States
for the district of Pennsylvania.

At April session 1814, an action of ejectment was commenced by
the plaintiff in the circuit court of Pennsylvania; and after various
preparatory proceedings, on the 15th of October 1821, a jury having
been empannelled; by agreement of the opposite parties, the term
laid in the declaration was enlarged to seventeen years: and on the
17th of October 1821, the jury found a verdict for the plaintiff,
against Vaughan and others; on which judgment nisi was entered.
At October sessions 1826, a scire facias to revive the original judg-
ment against Vaughan and others was issued, and after various pleas
and demurrers, on the 9th of June 1830, judgment was given for the
plaintiff.

To April session 1834 of the same court, a writ of alias scire fa-
cias, issued at the suit of the same plaintiff, again to revive the
original judgment against John Vaughan, Calvin Cone, Timothy
Stevens, Oliver Stevens, Joseph Stevens and John Secor, and all
other terre-tenants, was returned " made known."

"And upon the plaintiff's motion for leave to enlarge the term, and
to issue a writ of habere facias possessionem, questions having oc-
curred before the said circuit court, upon which the opinions of the
judges were opposed, to wit, whether leave should be granted to the
plaintiff to enlarge the term, and to issue the said writ; the points
upon which the disagreement happened were, during the same
term, upon the plaintiff's request, thus stated under the direction
of the said judges, and certified under the seal of the said court
to the supreme court at their next session, to be held hereafter; in
order that it may by that court be finally decided; the said direction
of the judges, being accompanied with this opinion, that this is a col-

[Smith v. Vaughan et al.]

lateral motion to amend, depending on the discretion of the court under all the circumstances of the case, as they appear of record, or are disclosed by affidavits ; and, in their opinion, does not come within the provisions of the act of 1802 (vol. 3, Laws United States 482); but as the counsel of the plaintiff think otherwise, and are desirous of taking the opinion of the supreme court on the subject ; the objec-jection to certifying the point of difference will be reserved for their consideration; and the clerk was directed to make out the certificate accordingly."

The clerk of the circuit court, on the 7th day of January 1825, sent up the following certificate, with the record.

" I certify the foregoing to be a true statement of the points upon which the opinions of the judges of the circuit court of the United States for the district of Pennsylvania, in the third circuit, were opposed. Stated under the direction of the said judges."

Mr Ingersoll moved to dismiss the cause, on the ground that the points certified from the circuit court did not come within the provisions of the act of congress of the 29th of April 1802.

The Court ordered it to be certified to the circuit court, as the opinion of the court : that it cannot take cognizance of the question certified, the cause being one resting entirely in the discretion of the circuit court, and therefore clearly not within the act of congress of the 29th of April 1802.